PER CURIAM.
Buss Aluminum Products, Inc. (Buss) appeals the final judgment awarding Alumflo, Inc. (Alumflo), $45,100.00 in damages for breach of a lease/purehase agreement and breach of warranties. We reverse that portion of the final judgment awarding damages for breach of warranties.
Alumflo filed a multi-count complaint against Buss as the supplier of used aluminum fabricating equipment acquired by Alumflo under a lease/purchase agreement with a third party. Alumflo’s amended complaint against Buss stated claims for fraud, breach of warranty of fitness for a particular purpose and breach of implied warranty of merchantability. Alumflo also filed a fraud claim against American Capital Leasing, Inc. The trial court ruled in favor of American Capital Leasing and this matter is not raised in this appeal.
After a nonjury trial the trial court ruled in favor of Alumflo on the fraud count and the two warranty counts. The court entered a final judgment against Buss, awarding $37,-974.55 for the fraud count. The judgment also indicated that $7,125.46 was awarded to Alumflo for both warranty counts, resulting in a total judgment of $45,100.00. Buss filed a timely notice of appeal.
Buss contends that the trial court erred by ruling in Atamflo’s favor on the fraud count. We find no error in the trial court’s findings on the fraud court and we affirm the final judgment to the extent that it awards $37,-974.55 to Alumflo for damages on this fraud count.
Buss next contends that the trial court erred in awarding damages for breach of warranty. The record indicates that the trial court combined the claims of breach of implied warranty of merchantability and the warranty of fitness for a particular purpose and awarded $7,125.46 damages for both counts. Alumflo concedes the facts do not support a finding of a breach of warranty for a particular purpose.
The trial court did not designate which portion of the $7,125.46 in damages applied to the warranty of merchantability (which count was supported by the evidence) and which applied to the warranty for a particular purpose (which was not supported by the evidence). Thus, the $7,125.46 award of damages was erroneous.
We reverse that portion of the final judgment which found that there was a breach of the warranty of fitness for a particular purpose. We also reverse that portion of the final judgment which awarded $7,125.46 to Alumflo. We remand to the trial court for further proceedings to determine the correct amount of damages for the breach of implied warranty of merchantability. We affirm the final judgment in all other respects.
Reversed and remanded for further proceedings.
THREADGILL, A.C.J., and ALTENBERND and GREEN, JJ., Concur.